**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**JASON ALAN JUSTICE,**

                **Plaintiff,**

        **v.**                         **CASE NO. 21-3260-SAC**

**JULIE A. ROBINSON, et al.,**

                **Defendant.**

## MEMORANDUM AND ORDER

This matter is a civil action filed by a prisoner in state custody. Plaintiff proceeds pro se. The court has conducted an initial review of the action and enters the following order.

### Nature of the Complaint

Plaintiff styles this action as a "Freestanding Emergency Constitutional Habeas Corpus/Writ of Quo Warranto/Declaration of Void Judgment." He names as defendants Chief Judge Julie A. Robinson of the District of Kansas, Judge Kevin O'Connor of the Sedgwick County District Court, Kansas Governor Laura Kelly, Secretary of the Kansas Department of Corrections (DOC) Jeff Zmuda, Warden Shannon Meyer, and "All Judges and other Judicial Officers and Government Officers previously named in connected actions." He seeks immediate discharge from his incarceration.

### Discussion

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. § 1915A(a). Following review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief

may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

Because plaintiff proceeds pro se, the court liberally construes his pleadings and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The court has reviewed the complaint and attachments and notes several deficiencies. First, while plaintiff presents arguments concerning the validity of his conviction, he must present these claims in a habeas corpus petition using a court-approved form. The court takes note that plaintiff was advised of this requirement in another action, Case No. 20-3226-JWB, *Justice v. Meyer, et al.*, (dismissed without prejudice on Nov. 24, 2020, due to Mr. Justice's failure to submit his habeas corpus claim on a form petition and his failure to pay the filing fee or submit a motion to proceed in forma pauperis as directed). Plaintiff will be provided a form pleading and instructions to proceed in habeas corpus[1].

Next, to the extent plaintiff presents claims concerning his conditions of confinement, he must pursue any such challenge in a civil rights action rather than a petition for habeas corpus. *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011)("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) – not through federal habeas proceedings."). However, plaintiff cannot obtain release from confinement in a civil rights

---

[1] The court makes no finding on the timeliness of such a petition.

action. "Hastened release from state prison can be secured in court only through a writ of habeas corpus, not through a civil rights action." *Crabtree v. Oklahoma*, 564 F. App'x 402, 404 (10th Cir. 2014)(citing *Preiser v. Rodriguez,* 411 U.S. 475, 489-90 (1973) and *Wilkinson v. Dotson,* 544 U.S. 74, 78 (2005)).

As plaintiff is aware, if he proceeds in a civil rights action, he must pay the full filing fee of $402.00 because he is subject to the provisions of 28 U.S.C. § 1915(g). Under that subsection of the federal in forma pauperis statute, he may not proceed in forma pauperis unless he makes a showing that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Plaintiff contends that he is in such danger, citing an incident in May 2021 when he allegedly was battered and was told by a guard to "stop filing frivolous lawsuits and grievances". (Doc. 1, p. 1). The record also contains a segregation review form dated September 20, 2021, stating that plaintiff is housed in segregation on OSR (other security risk) status as a result of being battered, and that he will remain in that status until he can be transferred to another KDOC facility. (Doc. 1, p. 9). Because the last incident involving battery occurred several months ago and because plaintiff is now in segregated housing, the court finds he has not shown that he is in imminent danger. Therefore, he may not proceed in forma pauperis.

Plaintiff also seeks relief under a writ of quo warranto. As the court explained to plaintiff in an earlier case filing, *Justice v. Carpenter*, No. 19-3106-SAC, 2020 WL 8669809, at *2, (D. Kan. Nov. 16, 2020), under 28 U.S.C. § 1651, the federal courts may "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

However, the remedy is narrow, and the federal district courts do not have original jurisdiction to issue a writ of quo warranto; rather, the All Writs Act confers only ancillary jurisdiction where jurisdiction is otherwise lodged in the court. *U.S. ex rel. State of Wis. v. First Federal Sav. and Loan Ass'n*, 248 F.2d 804 (7th Cir. 1957). The court finds no basis to grant plaintiff the writ he seeks.

Finally, plaintiff seeks relief under Rule 60(b)(4), alleging that all rulings made by defendant Chief Judge Robinson are void for lack of due process and lack of jurisdiction. This request appears to involve rulings made in another case filed by the plaintiff in which Chief Judge Robinson was the presiding judge, *Justice v. Broomes, et al.*, Case No. 20-3305-JAR. The court denies this request, as there is no ruling by the Chief Judge in the present case. This court has no jurisdiction under Rule 60 to review action taken by another judicial officer in a separate case.

## Conclusion

For the reasons set forth, the court will direct the clerk of the court to transmit a form pleading for habeas corpus to the plaintiff. If he wishes to proceed in habeas corpus, he must use that form pleading and must pay the statutory filing fee of $5.00 or submit a motion to proceed in forma pauperis. If plaintiff wishes to proceed in a civil rights action to challenge the conditions of his confinement, he must submit an amended complaint on a form pleading and must explain what each defendant did. He must also submit the $402.00 filing fee. The amended complaint must show the case number of this action, 21-3260-SAC, on the front page.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff must present challenges to his confinement in a petition for habeas corpus. The

clerk of the court shall transmit to him a form petition and instructions for an action under 28 U.S.C. § 2254.

IT IS FURTHER ORDERED plaintiff is granted to and including **December 15, 2021,** to submit an amended complaint and the filing fee of $402.00 in this matter. The clerk of the court shall transmit to him a form complaint and instructions. If he fails to submit an amended complaint and the filing fee, this matter may be dismissed without additional notice.

IT IS FURTHER ORDERED plaintiff's request for relief under Quo Warranto and under Rule 60(b)(4) are denied.

**IT IS SO ORDERED.**

DATED:  This 15th day of November, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge