**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JASON ALAN JUSTICE,**

                      **Plaintiff,**

      **v.**                                                   **CASE NO. 21-3260-SAC**

**JULIE A. ROBINSON, et al.,**

                      **Defendants.**

**O R D E R**

This matter is before the court on plaintiff's motion styled as "cease and desist and demand for recusal". Plaintiff objects to decisions in his court filings that allegedly have mischaracterized his claims. He also asks that the undersigned, as well as two other judicial officers of this court, recuse themselves and have no participation in this matter, except as witnesses and defendants.

Because plaintiff proceeds pro se in this matter, the court must liberally construe his filings. *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.") (citations omitted). However, the court must evaluate plaintiff's submissions in light of precedent and governing legal principles, and his designation of a filing is subject to review and, if necessary, construction as another type of filing[1]. The court therefore will deny

---

[1] In a memorandum and order entered on November 16, 2021, the court construed the pleading plaintiff captioned as a Freestanding Emergency Constitutional Habeas Corpus (Doc. 1) as presenting claims related to the validity of his confinement that must be presented in habeas corpus and on appropriate court-approved forms. The court also explained that other claims presented in the action that are related to his conditions of confinement must be presented in a civil rights action. Plaintiff's present motion was filed on the same day and prior to his receipt of the order.

plaintiff's request to cease and desist.

Plaintiff's motion for recusal seeks the recusal of the undersigned and two other judges who presided in earlier actions brought by him. Two statutes govern judicial recusal, 28 U.S.C. §§ 144 and 455. *Burleson v. Spring PCS Group*, 123 F. App'x 957, 959 (10th Cir. 2005). For recusal under §144, the moving party must submit an affidavit showing bias and prejudice. *Id*. (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)). The bias and prejudice must be personal, extrajudicial, and identified by "facts of time, place, persons, occasions, and circumstances." *Id*. at 960 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)). The facts will be accepted as true, but they must be more than conclusions, rumors, beliefs, and opinions. *Id*. Without an affidavit showing bias or prejudice and proper identification of events indicating a personal and extrajudicial bias, a plaintiff does not support a request for recusal under 28 U.S.C. § 144.

Under 28 U.S.C. § 455(a) and (b)(1), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a) and (b)(1). Section (b)(1) is subjective and contains the "extrajudicial source" limitation. *See Liteky v. United States*, 510 U.S. 540 (1994). Recusal may be appropriate "when a judge's decisions, opinions, or remarks stem from an extrajudicial source – a source outside the judicial proceedings." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005)(citing *Liteky*, 510 U.S. at 554-55). Recusal is also necessary when a judge's actions or comments "reveal such a high degree of favoritism or antagonism as to make fair judgments impossible." *Id*. (quoting *Liteky*, 510 U.S. at

555).

The Supreme Court has explained that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. When no extrajudicial source is relied upon as a ground for recusal, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*.

Plaintiff's bare claims are insufficient to establish grounds for recusal of the undersigned, and he cannot properly seek the recusal of other judges in other cases in this action. The court must deny the motion for recusal.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion to cease and desist and for recusal (Doc. 3) is denied.

**IT IS SO ORDERED.**

DATED: This 17th day of November, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge