IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON ALAN JUSTICE,

                    Plaintiff,

          v.                                    CASE NO. 21-3260-SAC

JULIE A. ROBINSON, et al.,

                    Defendants.


                    MEMORANDUM AND ORDER

     This matter is a civil action filed by a prisoner in state custody. Plaintiff proceeds pro se. Because plaintiff is subject to 28 U.S.C. § 1915(g) and has not shown that he is in imminent danger of serious physical injury, the court denied leave to proceed in forma pauperis and directed him to submit the full filing fee on or before December 15, 2021. Plaintiff also was directed to submit an amended complaint by the same date.

     Plaintiff did not respond as directed; instead, he submitted a motion for reconsideration (Doc. 5). The motion for reconsideration alleges that the rulings made in this action to date are void. Plaintiff claims that recusal of the undersigned is required because he has named the undersigned as a defendant in this action.

     The court has again examined the complaint, which names as defendants former Chief Judge Robinson of this court; Judge Kevin O'Connor, the state district judge who presided over the criminal proceedings against plaintiff in Sedgwick County, Kansas; Governor Laura Kelly; Secretary Jeff Zmuda of the Kansas Department of Corrections; Warden Shannon Meyer of the Lansing Correctional

Facility; and "All Judges and Other Judicial Officers and Government

Officials Previously Named in Connected Actions."

> The 46-page complaint includes the following paragraph:
> WHEREFORE, the Factual & Legal Conclusion is
> INESCAPABALE, IRREFUTABLE, AND UNDENIABLE: The
> complacency of Chief Judge Julie A. Robinson to Act to
> correct her – and her subordinate Judges: Sam A. Crow
> (SAC), Daniel D. Crabtree (DDC), and James A. Broomes
> (JAB) void judgments and orders evinces either (a) a
> conspiracy to deprive my rights, and/or Extreme
> Incompetency. No Judge, Executive, and/or Legislator is
> Above the Supreme Law of the Land – The Federal and State
> Constitutions Guarantee me the Right to Immediate Relief
> based upon the Facts & Law in my Favor – All void
> Judgments Must be vitiated. Commanded, Jason Alan Justice

(Doc. 1, p. 16.)

The court has found no other reference to any of the

individuals described in the last group of defendants named in

plaintiff's complaint. The paragraph does not contain any

allegation of actions by the defendant judges beyond their rulings

in the cases in which they presided. The court is not persuaded

that the broad reference to the judicial defendants who ruled in

other cases is sufficient to require recusal in the present matter.

The court set out the standards governing a motion for recusal

in its order of November 17, 2021, and does not repeat them at

length here. The court reminds plaintiff that "judicial rulings

alone almost never constitute a valid basis for a bias or partiality

motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Because

plaintiff has made no factual allegations against the undersigned

and refers only to rulings in other cases, the court concludes that

recusal is not required in this matter. And, because the undersigned

has a duty to sit and hear this case where there is no legitimate

reason for recusal, plaintiff's request for the undersigned

to recuse is denied.

As noted, in its Memorandum and Order entered on November 15, 2021, the court directed plaintiff to submit an amended complaint and the full filing fee on or before December 15, 2021. Plaintiff has failed to comply with that order. Because plaintiff's motion for reconsideration was pending on that date, the court will extend the time to file the amended complaint and to submit the full filing fee.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for reconsideration (Doc. 5) is denied.

IT IS FURTHER ORDERED plaintiff is granted to and including January 18, 2022, to submit the full filing fee and an amended complaint. The failure to file a timely response may result in the dismissal of this matter without additional notice.

DATED:  This 3d day of January, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge